SILBERMAN, Judge.
 

 Zamont Jerell Branton seeks review of the order denying his motion for postcon-viction relief which was filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the summary denial of four subclaims in claim one because the post-conviction court erroneously determined that these subclaims were conclusively refuted by the record. We affirm the denial of the remainder of Branton’s claims without comment.
 

 The State charged Branton and code-fendants Derrick Moultry and Daniel Pressley with armed carjacking and armed robbery based on allegations that they approached a man who was selling clothing out of the back of his car, threatened him with a gun, and stole the car and clothing. At trial, the State presented the testimony of the victim and the investigating detective. The victim identified Bran-ton as one of the participants in the crime from a photopak prior to trial and in person at trial. The detective testified regarding the victim’s pretrial identification of Branton. Branton raised an alibi defense, claiming that he could not have committed the crimes on the date charged because he was at Busch Gardens with friends. Branton also claimed that the victim mistakenly identified him because
 
 *1226
 
 the victim had previously sold clothing to Branton from his car. Branton called his girlfriend Chanel Wilson, her close friend Lequisha Jefferson, and James Ragsdale to testify in support of his defenses, but Branton did not take the stand.
 

 In claim one, Branton alleged that trial counsel was ineffective for failing to interview and call several witnesses to testily at his trial, including Aubrey Wright, Daniel Pressley, Trevior Daniels, and Quantavia Ponder. Branton alleged that he asked counsel to interview and call these witnesses and informed counsel of the witnesses’ locations and the substance of their testimony. The court summarily denied relief as to these subclaims.
 

 As to witness Wright, Branton alleged that Wright was the girlfriend of codefen-dant Moultry. Wright would have testified that Moultry and some other men committed a carjacking and robbery but that Branton was not with them. Although Wright had previously made statements identifying Branton as one of the perpetrators, she would have testified that her previous statements were made under duress and coercion by Moultry.
 

 The postconviction court determined that the record refuted Branton’s assertion that he was prejudiced by counsel’s failure to interview and call witness Wright. The court explained that “because the record contains no testimony that Wright identified [Branton] as being involved in the alleged offenses, her proposed testimony would be unnecessary.” However, testimony by Wright that Bran-ton was not involved in the offenses would have been integral to Branton’s defenses of alibi and mistaken identification, even if it could have been impeached with Wright’s prior inconsistent statement. Accordingly, the summary denial of this sub-claim was improper.
 

 As to witness Pressley, Branton alleged that Pressley would have testified that he was at Branton’s house when Branton’s girlfriend Chanel Wilson and another girl picked up Branton to take him to Busch Gardens on the date of the offense. Press-ley would have testified that Branton was not with Pressley and codefendant Moultry later that day. Additionally, Pressley would have testified that a person named Joshua was with him and Moultry and that Joshua resembles Branton.
 

 The postconviction court determined that Pressley’s claim was refuted by an excerpt of a taped confession provided by the State in its response. This confession was made by Pressley and was introduced at Pressley’s trial. In addition to implicating Pressley, the confession also implicated Branton. We are not convinced that evidence from the record in Pressley’s trial can be used by the postconviction court to refute Branton’s postconviction claim.
 
 See
 
 Fla. R.Crim. P. 3.850(d) (“If the motion, files, and records
 
 in the case
 
 conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing.” (emphasis added)). Regardless, the existence of the taped confession did not refute Branton’s claim that Pressley would have testified differently at Branton’s trial. Even if Pressley could have been impeached with his prior taped confession, exonerative testimony from a codefendant would have been integral to Branton’s defense. Accordingly, the summary denial of this subclaim was improper.
 

 As to witness Daniels, Branton alleged that Daniels would have testified that he spoke with Branton at a McDonald’s across the street from Busch Gardens at 6:15 p.m. on the date of the offense. Bran-ton claims that this testimony would have corroborated Lequisha Jefferson’s testimony that she picked Branton and Wilson up
 
 *1227
 
 from the McDonald’s at approximately 6:30 p.m. on that date.
 

 The postconviction court determined that the testimony would have been cumulative to the testimony of witnesses Wilson and Jefferson. However, this finding is erroneous because the testimony of both Wilson and Jefferson was severely impeached due to their close relationship with Branton.
 
 See Balmori v. State,
 
 985 So.2d 646, 650 (Fla. 2d DCA 2008) (holding that postconviction court erred in determining evidence would have been cumulative to the defendant’s trial testimony because it was necessary to corroborate his testimony). Accordingly, the summary denial of this subclaim was improper.
 

 As to witness Ponder, Branton alleged that Ponder would have testified that Branton was not one of the individuals who was with the codefendants on the date of the offense. Although Ponder made a prior statement identifying Branton as a participant in the crimes, she would also testify that her prior statement was procured by threats. The postconviction court determined that Branton was not prejudiced by counsel’s failure to interview and call witness Ponder because the record contains no testimony that Ponder identified Branton as being involved in the crimes. However, as with the claim concerning the testimony of witness Wright, testimony by Ponder that Branton was not involved in the offenses would have been integral to his defense of mistaken identification and alibi even if it could have been impeached with the prior inconsistent statement. Accordingly, the summary denial of this subclaim was improper.
 

 For the foregoing reasons, we reverse as to the denial of the above four subclaims. Because the court has already determined that the subclaims are facially sufficient, we remand for an evidentiary hearing.
 

 Affirmed in part; reversed in part; remanded.
 

 FULMER and DAVIS, JJ., Concur.